# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>**GERARD M. KIRBY,**<br><br>　　　　　　　**Debtor**<br><br>―――――――――――――――<br><br>**WARREN E. AGIN,**<br>as he is **CHAPTER 7 TRUSTEE,**<br><br>　　　　　　　**Plaintiff**<br><br>v.<br><br>**SUZANNE M. KIRBY,**<br><br>　　　　　　　**Defendant** | **Chapter 7**<br>**Case No. 06-11833-FJB**<br><br><br><br><br>**Adversary Proceeding**<br>**No. 08-1286** |

### MEMORANDUM OF DECISION AND ORDER ON
### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
### <u>AND DEFENDANT'S REQUEST FOR ABSTENTION</u>

By his complaint in this adversary proceeding, the Chapter 7 Trustee, Warren E. Agin, seeks (i) a declaratory judgment that the debtor, and therefore his bankruptcy estate, owns a one-half interest in his former marital residence free of any claim or interest in favor of his former wife, defendant Suzanne M. Kirby ("Suzanne"), arising from the separation agreement and divorce judgment between herself and the debtor, and (ii) a determination under 11 U.S.C. § 363(h) that he may sell both the estate's and Suzanne's interests in the property. The adversary proceeding is before the court on the Trustee's motion for partial summary judgment, by which he seeks summary judgment as to the count for declaratory relief. Suzanne opposes the motion, both on its merits and on the basis that the issue should be decided by the Massachusetts Probate and Family Court. Accordingly, Suzanne's opposition includes a request for abstention as to the count for declaratory relief. After a hearing on the motion, at which the Trustee fully responded to the request for abstention, and for the reasons set forth

below, the court will abstain as to the count for declaratory relief and deny summary judgment on that basis, without reaching the merits of the Trustee's claims.

The relevant facts are not controverted. Suzanne married Gerard Kirby in 1986, and together they had one child. In 1992, they purchased the real property at 58 Crystal Lake Drive in Halifax, Massachusetts, which became their home. They subsequently divorced. The judgment of divorce, which was entered by the Plymouth County Probate and Family Court and became final on February 4, 2003, incorporated a Separation Agreement ("Agreement") between Suzanne and Gerard dated November 5, 2002. The Agreement is signed by Gerard and Suzanne, both expressly acting pro se. The Agreement states that it "shall survive as an independent contract except for those parts of the agreement which deal with the child of the parties"; the divorce judgment states that the Agreement "is hereby incorporated and shall survive as an independent contract except as to issues relating to the child and alimony which issues shall merge and shall not survive."

The Agreement gave legal custody of their child to both parties but physical custody to Suzanne and rights of visitation to Gerard. With respect to the home, the Agreement included the following paragraph, which is the focus of the present dispute:

> 13. The Wife shall have sole use and occupancy of the marital home, and is responsible for payment of the mortgage, taxes, and insurance. The Wife shall obtain a mortgage within a five-year period to remove Husband's name from the existing mortgage. The Husband then will have no interest in the home and property. In the event of the Wife's death prior to remortgaging the home then the home reverts back to the Husband.

The agreement did not expressly indicate what would occur if Suzanne failed to refinance the property within the five-year period specified by this paragraph. Regarding the home and its disposition, the Agreement contained only the following additional language:

> 14. The Husband shall pay any and all existing liens that are currently on the marital property within five years. The Husband will provide proof of payment to the Wife. Should either party have any future lien paced on the martial home that party will be solely responsible for payment of the lien.

2

    15.    The Husband shall not use the marital home address for any business related matters.

    16.    The Husband shall claim the interest on the marital home, until the Wife obtains a mortgage, for tax purposes. The Wife shall claim the taxes and insurance that she pays on the marital home.

Gerard filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 13, 2006, thereby commencing the present bankruptcy case. Suzanne has not refinanced the mortgage on the home, and the five-year period in which the Agreement required her to do so has expired. The property has a value of approximately $300,000 and is encumbered by a mortgage securing debt of approximately $100,000 and two additional liens totaling another $12,000.

The Agreement is incomplete in that it fails to specify what will happen to Gerard's interest in the property if Suzanne fails to refinance the mortgage within the time required by the Agreement. Suzanne and the Trustee both attempt to divine an answer to the present issue from the language of the four paragraphs quoted above, but the Agreement is at best ambiguous on the issue. On the one hand, it seems to require a refinancing of the mortgage to terminate Gerard's interest; on the other, it states that the property will "revert" to Gerard should Suzanne die before she refinances the property, implying that their intent was to shift his interest to her upon the signing of the agreement, independent of the refinancing. Moreover, the Agreement gives Suzanne sole use and occupancy of the home and the responsibility for paying the existing mortgage debt, taxes, and insurance, and it sets no time limit on these. These rights and obligations are incidents of ownership, perhaps indicating a mutual intent that Suzanne be immediately vested with full title. But even if these rights and obligations do not evince an intent to transfer Edward's interest to Suzanne immediately, they at least convey to her an immediate and unlimited right to exclusive use and occupancy, which right appears to

3

compromise and limit whatever interest Edward otherwise retains.[1]

Moreover, the provisions concerning the property are, or at least may well be, integral to the Agreement as a whole, including its provisions concerning alimony, child support, or even custody.  For example, it is entirely possible that the parties intended Suzanne to have sole occupancy of the property while the child, of whom she has sole physical custody, remains at home.  Thus, it is quite possible that resolution of the present dispute would require adjustment to other obligations in the Agreement.

A bankruptcy court may abstain from exercising jurisdiction over a proceeding arising in a bankruptcy case either in the interest of justice or in the interest of comity with state courts. 28 U.S.C. § 1334(c)(1).  The present controversy implicates both concerns.  Divorce and attendant issues of alimony, child support, and division of marital property are the province of state courts, implicating concerns for comity.  This is not an instance in which the state court has already completed its work and the only task remaining is to determine the consequences of a state court judgment in this bankruptcy case.  Rather, the Agreement, and the divorce judgment in which it was incorporated, are incomplete in that they neither addressed nor anticipated the present contingency.  At the very least, the Agreement and divorce judgment require clarification on this one issue; more likely, resolution of the issue will require reconsideration of a host of interrelated concerns and issues in the Agreement.  Comity requires that these be addressed in the Commonwealth's Probate and Family Court.  The interest of justice requires the same, as these issues are better served by resolution in a single forum with jurisdiction to address all these issues together.  The Bankruptcy Court has jurisdiction over the Trustee's demand for declaratory relief but not over attendant issues of amendment and

---

[1] Therefore, even if Gerard—and therefore his bankruptcy estate—retains a one-half interest in the property as a tenant in common, that interest may not include this entire bundle of rights usually associated with ownership.  If so, then in the event of a sale by the trustee of both parties' interests pursuant to § 363(h), the apportionment of the sale proceeds as between Gerard's and Suzanne's interests would have to be adjusted accordingly.

modification of the Agreement and divorce judgment.

In opposition to abstention, the Trustee argues that Suzanne's right under the Agreement to acquire Gerard's interest in the property upon her refinancing of the mortgage should have no bearing on this controversy because the Agreement is an executory contract that was effectively rejected sixty days after the debtor's bankruptcy filing by operation of 11 U.S.C. § 365(d)(1).[2]  It is not clear to the court that the Agreement is capable of being assumed or rejected as an executory contract.[3]  But even if it is, this argument is not cause to deny abstention and retain jurisdiction, precisely because the argument begs the question that the state court is needed to answer.  A contract is executory only if obligations remain to be performed on both sides.  In contending that the Agreement is executory, the Trustee is assuming that the transfer of Gerard's interest to Suzanne is contingent on her refinancing the mortgage and occurs only after the refinancing: because she has not refinanced, he argues, obligations remain on both sides.  The problem with this argument is that it is predicated on an interpretation of the Agreement—that the transfer was not immediate but contingent on refinancing—that remains in dispute.  The state court is the appropriate forum for resolution of this issue.

---

[2]  The Trustee has not assumed the Agreement.

[3]  The Agreement was expressly incorporated into the state court divorce judgment; and the divorce judgment, not being a contract, executory or otherwise, is plainly not subject to the trustee's power of assumption or rejection in 11 U.S.C. § 365(d).

5

**ORDER**

The request of Suzanne Kirby for abstention as to the Trustee's count of declaratory relief is hereby granted. The Court will enter a separate and final order of abstention. The Trustee's motion for summary judgment is denied without prejudice. With respect to the count for relief under 11 U.S.C. § 363(h), as to which the court is *not* abstaining, the adversary proceeding is stayed until resolution of the demand for declaratory relief in state court. With respect to the demand for declaratory relief in state court, the parties shall file a joint status report on or before October 9, 2009.

Date:  April 8, 2009

_____
Frank J. Bailey
United States Bankruptcy Judge